PEOPLE *v.* McLAUGHLIN.

1. CRIMINAL LAW—RES GESTAE.
   The prosecutor has a duty to present the whole *res gestae* whether its tendency be to establish guilt or innocence.

2. SAME—WITHHOLDING EVIDENCE.
   Defendant's contention that failure of prosecutor to introduce a hat found at the scene of the crime in a trial for armed robbery was error since it *might* have helped to prove his innocence *held,* without merit, where record does not show a deliberate withholding of evidence and no objection was made during trial (CLS 1961, § 750.529).

3. SAME—SAVING QUESTIONS FOR REVIEW.
   Failure of prosecutor to indorse and present a witness who gave a statement to the police according to the complaining witness *held,* not reversible error, where the record does not indicate that the prosecutor knew of the witness, and no objection was raised during trial (CL 1948, § 769.26).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence §§ 551, 661 *et seq.*
[2, 3] 42 Am Jur, Prosecuting Attorneys § 20.
[4, 5] 5 Am Jur 2d, Appeal and Error § 709.
[6–8] 20 Am Jur, Evidence § 762.
   Physiological and psychological truth and deception tests.   23 ALR 2d 1306.
   Propriety and prejudicial effect of comment or evidence as to accused's willingness to take lie detector test.   95 ALR2d 819.

4. Appeal and Error—Criminal Law—Setting Aside Verdict.

An appellate court does not set aside a verdict in a prosecution for crime or consider errors not raised in the trial court, except to prevent manifest injustice (CL 1948, § 769.26).

5. Criminal Law—Armed Robbery—Description of Eyes.

Characterization by complaining witness of defendant's eyes as like those of a "dope fiend" during testimony in trial for armed robbery *held,* not reversible error, where record does not indicate whether the eyes had that appearance to others, and matter was unchallenged by defendant during trial (CLS 1961, § 750.529).

6. Same—Lie Detector Tests—Evidence.

Lie detector test results are not admissible in evidence in criminal cases.

7. Same—Lie Detector Tests—Evidence.

Fact that a lie detector test was administered may be introduced in a criminal case provided there be no objection.

8. Same—Offer to Take Lie Detector Test—Evidence—Objection.

Refusal of trial court to permit defendant in a criminal case to introduce evidence that he offered to take a lie detector test *held,* proper, as the offer to take such a test, as well as a refusal to take it, are objectionable as irrelevant.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 March 9, 1966, at Detroit. (Docket No. 1,052.) Decided May 24, 1966.

Edward McLaughlin was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Tom Downs,* for defendant.

T. G. KAVANAGH, J.   After a jury trial the defendant was convicted of robbery armed[1] in the Wayne county circuit court on April 12, 1965.   His appeal makes four specifications of error:

1. The prosecutor withheld evidence which might have established the defendant's innocence.
2. The people failed to indorse and produce a *res gestae* witness.
3. The people's witness described her attacker as having eyes that looked like those of a "dope fiend" which phrase was calculated to prejudice the jury.
4. The court erred in refusing to admit evidence of the fact that the defendant voluntarily took a lie-detector test.

The chief witness for the people was one Clara Ponka who testified she was robbed by the defendant and that he was wearing a small black hat which she knocked off into her car during the robbery.   The hat was found by Mrs. Ponka's son when he was taking the groceries out of the car.   At the trial the hat was not offered in evidence although it was apparently available.

The defendant claims that the prosecutor had an obligation to offer the hat in evidence because it *might* have helped to prove defendant's innocence.

This novel argument is an unwarranted extension of the sound proposition that the prosecutor has a duty to present the whole *res gestae* whether its tendency be to establish guilt or innocence.   We are cited to *Hurd* v. *People* (1872), 25 Mich 405, and *People* v. *Davis* (1884), 52 Mich 569, which are indeed authority for the principle, although the principle is not in doubt.   These cases hold that a prosecutor having the duty to show the whole *res gestae* may not suppress a part of it.   In *Hurd* the people sought

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).—RE-PORTER.

to limit the testimony to the episode in the house, excluding a preliminary altercation outside. The Court held the whole transaction should be shown. In *Davis* it was held that the statement of a witness made to the prosecutor was not privileged but was available to the defense and the prosecutor could not refuse to produce it.

In each of the cases cited the prosecution deliberately sought to withhold evidence favorable to the defense. The record here does not show such a deliberate withholding of evidence. The defense presumably could have introduced the evidence had it seen fit to do so. It does not appear that the prosecutor even thought of it during the trial, and the defense appears to have recalled it only after the trial was over.

If the objection ever had any validity it was raised too late. *People* v. *Elliott* (1948), 322 Mich 313.

The defense complains of the failure to indorse and present a witness who gave a statement to the police according to the complaining witness. If there was such a witness *known* to the prosecutor she should have been produced. There is no adequate showing that such other witness was known, however. This objection also comes too late. The defendant here had thoroughly competent counsel throughout the trial and the appeal. Unless necessary to prevent manifest injustice we do not consider errors not raised in the trial court, nor do we set aside a verdict. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

The characterization of the eyes of her attacker as appearing like a dope fiend's similarly does not appear to us to present error. The truncated transcript of the testimony does not indicate that the defendant's eyes did or did not have that appearance to anyone else. The phrase "dope fiend"

was unchallenged by the defendant. We cannot say from here that it should or could have been.

The last allegation of error asserts that the defendant should have been allowed to introduce evidence that he offered to take a lie detector test.

The results of lie detector tests are not admissible in evidence. *People* v. *Becker* (1942), 300 Mich 562 (139 ALR 1171). It appears that the fact of such a test may be introduced without objection, *Becker, supra,* but will not be admitted over objection. *People* v. *Ignofo* (1946), 315 Mich 626.

In any event the offer to take such a test (as well as a refusal to take it) to us seems objectionable as irrelevant.

We find no error. Affirmed.

LESINSKI, C. J.; and WATTS J., concurred.