**David Earl LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46819.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Jake Cook (Court appointed), Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for robbery by assault; the punishment, ten (10) years.

The first ground of error presented by appellant is that the court erred in admitting in evidence before the jury the results of a polygraph examination of appellant.

Before the polygraph examination, both appellant and his attorney signed a written instrument requesting such examination, and agreeing that the examiner might testify at the trial to the questions, responses and his opinions as to the truthfulness of the answers. Nevertheless, objections were made at the trial, which were overruled by the court, and the examiner was

permitted to testify fully as to all such matters, including his opinion that appellant was lying when he denied participation in the robbery.

In the light of Romero v. State, 493 S. W.2d 206 (Tex.Cr.App.1973), an exhaustive opinion of this Court prepared by Presiding Judge Onion, we sustain this ground of error and must reverse and remand for a new trial.[1]

We quote from that opinion:

"This court has followed the almost unanimous view of American courts concerning the admissibility of the results of a polygraph test.

"In Lee v. State, 455 S.W.2d 316, 321 (Tex.Cr.App.1970), this court wrote:

'It has been the consistent holding of this Court that evidence of the results of a lie detector or polygraph test is not admissible on behalf of either the State or the defendant.' " Citing many cases.

In *Romero,* there was also an agreement to stipulate the results, and on that subject, the Court said:

"In the instant case, we conclude as did the Alaska Supreme Court in Pulakis [Pulakis v. State, 476 P.2d 474 1970] that, based on our study, the results of polygraph tests should not be received into evidence, over objection, even if there had been a prior agreement or stipulation. Such stipulation does nothing to enhance the reliability of such evidence when offered by either side on the issue of the guilt or innocence of the accused."

This is still the rule here.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. The trial court did not have the benefit of *Romero* at the time of this trial, it having not then been decided.