PEOPLE v RODGERS

1. EVIDENCE—LIE-DETECTOR TESTS—ADMISSIBILITY OF RESULTS.
   Neither the fact that a lie-detector test has been taken nor the results of such a test are admissible in evidence.

2. CRIMINAL LAW—EVIDENCE—LIE-DETECTOR TESTS—BOLSTERING TESTIMONY—ADMISSIBILITY OF RESULTS.
   Attempts to bolster the current testimony of a prosecution witness by showing that the witness changed his or her story after being given a lie-detector test which showed a prior inconsistent statement to be untruthful are improper.

3. EVIDENCE—LIE-DETECTOR TESTS—INTENTIONAL REFERENCE—RESTORATION OF CREDIBILITY—BOLSTERING TESTIMONY—CRIMINAL LAW—MISCARRIAGE OF JUSTICE—PRESERVING QUESTION.
   An intentional reference to polygraph test results is inadmissible to restore a witness's credibility by showing that pending criminal charges against him were dropped as a result of the test and not in exchange for his testimony even where the results do not directly bolster the witness's testimony; the admission of such a reference constitutes a miscarriage of justice and mandates reversal even where there was no objection to its admission at trial.

Appeal from Lenawee, Rex B. Martin, J. Submitted November 4, 1975, at Lansing. (Docket No. 18987.) Decided January 26, 1976.

Gary Rodgers was convicted of assault with intent to commit murder, assault with intent to kidnap, and unarmed robbery. Defendant then pled guilty to a supplemental information charg-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur 2d, Evidence § 831.
    Physiological or psychological truth and deception tests. 23 ALR2d 1306.

ing him with second-offender status. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Dennis M. Powers,* Special Assistant Attorney General), for the people.

*Kathleen M. Cummins,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and BRONSON and R. M. MAHER, JJ.

BRONSON, J. Defendant was convicted by a jury of assault with intent to commit murder, contrary to MCLA 750.83; MSA 28.278, assault with intent to kidnap, contrary to MCLA 750.87; MSA 28.282, and unarmed robbery, contrary to MCLA 750.350; MSA 28.798. He then pled guilty to a supplemental information filed pursuant to MCLA 769.10; MSA 28.1082, providing for a longer term of imprisonment for second offenders. On October 23, 1973, defendant was sentenced to prison terms of 15 to 50 years, 10 to 15 years, and 10 to 22-1/2 years, respectively.

During cross-examination of a key prosecution witness, Massenoir Norton, the defendant tried to show Norton's "interest" in the prosecution of the case as affecting his credibility. It was established that a pending misdemeanor charge against Norton had been dismissed by the prosecutor. In an obvious attempt to bolster Norton's credibility, the prosecutor on redirect examination elicited the following testimony:

"*Q.* Do you know why the charges against you were dismissed?

"*A.* Well, I went and took a polygraph test in Jackson.

"*Q.* There was an agreement with you, is that correct?

"*A.* Yes, sir; I volunteered.

"*Q.* What was that agreement? What was that agreement that you had?

"*A.* There wasn't any agreement. I just volunteered to go take it.

"*Q.* And after that, the charges were dismissed, is that right?

"*A.* Yes, sir.

"*Q.* Nobody talked to you at all about your testimony in this case or what it would be or anything of this sort?

"*A.* No, sir."

Defendant, acting *in propria persona* and unaware that such testimony might be improper, questioned Norton on recross-examination as to the truth of his assertion that a polygraph test had been given.

The Supreme Court of this state has consistently held that neither the fact of the taking of a lie-detector test nor the results of such a test are admissible in evidence, *People v Frechette,* 380 Mich 64; 155 NW2d 830 (1968), *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), *People v Becker,* 300 Mich 562; 2 NW2d 503 (1942). Conceding that general rule, the prosecutor argues that prior cases are distinguishable. They are characterized as unrelated to the use of polygraph results to show the motivation of the prosecutor in dismissing unrelated charges against a state witness, to counter a defense inference that the charges were dropped in return for present testimony. The prosecutor wishes us to fashion a rule which would exclude references to a polygraph test only when

they bolster the present testimony of a witness. We decline to do so.

It is true that virtually all of the polygraph cases in Michigan have involved attempts to directly bolster the present testimony of a witness. Many are concerned with defendant's attempt to introduce proofs that he passed a lie-detector test when questioned as to his present story, *People v Becker, supra, People v Ignofo,* 315 Mich 626, 641; 24 NW2d 514 (1946), *People v Davies, supra, People v McLaughlin,* 3 Mich App 391; 142 NW2d 484 (1966), *People v Mattison,* 26 Mich App 453, 461; 182 NW2d 604 (1970), *People v Levelston,* 54 Mich App 477; 221 NW2d 235 (1974). Others concern the attempts of the prosecutor to ask a prosecution witness if he or she took a polygraph test to verify his or her present testimony, *People v Brocato,* 17 Mich App 277, 291–292; 169 NW2d 483 (1969), *People v Lawson,* 48 Mich App 662; 211 NW2d 96 (1973). Finally, the courts frequently handle attempts to show that a prosecution witness changed his or her story after being given a lie-detector test which shows a prior inconsistent statement to be untruthful. Such attempts to bolster the current testimony of the witness have been held to be improper, *People v Paul F Baker,* 7 Mich App 471; 152 NW2d 43 (1967), *People v Bush,* 54 Mich App 77; 220 NW2d 333 (1974).[1]

The cases cited by defendant from other jurisdictions also fall neatly within this pattern. In *State v Parsons,* 83 NJ Super 430; 200 A2d 340 (1964), and *Commonwealth v Johnson,* 441 Pa 237; 272 A2d 467 (1971), it was held that the prosecutor improperly elicited from a state witness the fact

---

[1] Another category, not applicable here, involves the prosecutor's attempt to introduce proof that defendant failed a lie-detector test when questioned as to his present testimony. *See, People v Frechette,* 380 Mich 64; 155 NW2d 830 (1968).

that prior inconsistent testimony was changed to the present story only after that witness took a polygraph test. In *Mattox v State,* 240 Miss 544; 128 So 2d 368 (1961), and *Kaminski v State,* 63 So 2d 339 (Fla, 1953), *cert den,* 348 US 832; 75 S Ct 55; 99 L Ed 656 (1954), a prosecution witness was improperly asked if he took a lie-detector test with respect to the testimony given at trial.[2]

Despite the distinguishing aspects of most of the polygraph cases, we do not feel that we should carve out an exception for this type of intentional reference to polygraph test results.[3] The most recent Michigan Supreme Court case on polygraph testimony states that "the results of lie-detector tests are inadmissible", *People v Frechette, supra,* p 68. This Court has previously stated that "[n]either the results of such tests nor any reference to them has ever been proper in this state", *People v Brocato, supra,* p 292, fn 11. Similar language is found in most cases, and none indicate that the rule set forth is confined to the particular facts in that case.

Although the large majority of cases fit within the factual patterns set forth above, this Court has found reversible error in a case similar to the present one. A police informant, James Booker, testified as to a sale of heroin by the defendant in *People v Leroy Goodwin,* 40 Mich App 709; 199 NW2d 552 (1972). Defendant, on cross-examination, attempted to attack Booker's credibility by showing that the prosecutor had dropped a pending charge against him, and that Booker had given

---

[2] *People v Schiers,* 19 Cal App 3d 102; 96 Cal Rptr 330 (1971), involves the same category as discussed in footnote 1.

[3] The prosecutor does not argue that Norton's mention of the polygraph test was inadvertent or unexpected. The line of cases represented by *People v Whitfield,* 58 Mich App 585; 228 NW2d 475 (1975), is therefore inapplicable. Those cases hold that in some instances the results of lie-detector tests, although improperly admitted, will not constitute reversible error.

false information in two other prosecutions. During cross-examination, Booker responded, without defense objection, that the prior charges had been dismissed because he voluntarily had taken a polygraph test, which showed that he was being truthful. In addition, a police officer on direct examination testified that Booker had taken a polygraph which showed that he was not lying after he recanted in the two previous prosecutions.

The *Goodwin* Court found reversible error because "[i]n both instances said reference was neither brief nor inadvertent, but, on the other hand, was a clear attempt to rehabilitate and restore informant Booker's credibility", *Goodwin, supra,* p 715. That result was reached although neither polygraph reference directly bolstered Booker's at-trial testimony.

In conclusion, although this case can be distinguished from the vast majority of polygraph cases, we fail to see how that distinction mandates a different result. Our courts have broadly prohibited references to lie-detector tests, and at least one case has held that the reference need not directly bolster a witness's present testimony. Under those circumstances, we feel that our Supreme Court should properly fashion the limitations or exceptions to its polygraph rule.[4]

As noted above, defendant did not object at trial to this reference to the results of a polygraph test. However, we follow *People v Goodwin, supra,* where the Court found that reversal was required to prevent a miscarriage of justice.

Defendant raises several other issues, but we need not reach those issues here.

Reversed and remanded.

---

[4] We note in passing that the Supreme Court is presently considering the whole polygraph rule in *People v Barbara,* — Mich —; — NW2d — (Docket No. 54774, argued in January, 1975).