**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Michael WATSON, Defendant and Respondent.**

No. 12067.

Supreme Court of South Dakota.

Dec. 31, 1976.

Gene Paul Kean, Sioux Falls, for plaintiff and appellant.

William D. Kenyon, Sioux Falls, for defendant and respondent.

WOLLMAN, Justice.

Defendant was charged with the offense of rape. Defendant's motion for an order that he and the victim of the alleged offense be given polygraph examinations and that the results of the examinations be admissible at trial was granted by the trial court. We granted the state permission to appeal from this intermediate order pursuant to SDCL 23–51–5. We reverse.

In *State v. O'Connor,* 86 S.D. 294, 194 N.W.2d 246, we held that the trial court had not erred in refusing to order a polygraph examination, this in accordance with the general rule that polygraph examination results are not admissible. Defendant has not cited any authority to indicate that the general rule of inadmissibility of the results of such tests has been changed. Indeed, it appears that with only a few exceptions those jurisdictions that have had occasion to consider the matter in recent years have reaffirmed the rule that the results of polygraph examinations are inadmissible in the absence of a stipulation by the defendant and the prosecution. For a thorough discussion of the factors militating against the admissibility of polygraph examination results, see *United States v. Alexander,* 8 Cir., 526 F.2d 161. See also *State v. Seebold,* 111 Ariz. 423, 531 P.2d 1130; *Sullivan v. State,* Fla., 303 So.2d 632; *State v. Lassley,* 218 Kan. 758, 545 P.2d 383; *State v. Governor,* La., 331 So.2d 443; *People v. Rodgers,* 66 Mich.App. 658, 239 N.W.2d 701; *State v. Goblirsch,* Minn., 246 N.W.2d 12; *Harrison v. State,* Miss., 307 So.2d 557; *State v. Steinmark,* 195 Neb. 545, 239 N.W.2d 495; *Warden v. Lischko,* 90 Nev. 221, 523 P.2d 6; *State v. Jackson,* 287 N.C. 470, 215 S.E.2d 123; *Fulton v. State,* Okl.Cr., 541 P.2d 871; *Anderson v. State,* Okl.Cr., 551 P.2d 1155 (results inadmissible even if stipulation exists); *Commonwealth v. Gee,* Pa., 354 A.2d 875; *State v. Woo,* 84 Wash.2d 472, 527 P.2d 271; *State v. Stanislawski,* 62 Wis.2d 730, 216 N.W.2d 8. See Annot., 23 A.L.R.2d 1306.

A few jurisdictions have ruled that the results of such tests are admissible if certain carefully prescribed conditions are met. See, e. g., *United States v. Ridling,* (E.D. Mich.), 350 F.Supp. 90; *Commonwealth v. A Juvenile,* 365 Mass. 421, 313 N.E.2d 120; *Commonwealth v. A Juvenile,* Mass., 348 N.E.2d 760; *State v. Dorsey,* (Ct.App.), 87 N.M. 323, 532 P.2d 912, aff'd, 88 N.M. 184, 539 P.2d 204.

In the face of such overwhelming authority to the contrary, and in the absence of any evidence in the record concerning the scientific reliability of the polygraph or the qualifications of the proposed polygraphist, see, e. g., *State v. Swanson,* N.D., 225 N.W.2d 283; *State v. Young,* 87 Wash.2d 129, 550 P.2d 1, we are not persuaded that we should abandon the traditional rule of inadmissibility in favor of a rule that defendants and complaining witnesses may be ordered to submit to polygraph examinations upon a defendant's motion and that the results of such examinations be admissible at trial.

The order appealed from is reversed and the case is remanded to the circuit court for trial.

All the Justices concur.