David Wayne GOODACRE, Appellant,

v.

The STATE of Texas, State.

No. 2–81–190–CR.

Court of Appeals of Texas,
Dallas.

July 7, 1982.

Opinion on Rehearing Sept. 1, 1982.

Law Offices of Don Gladden and Janette R. Hinrichs, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

The appeal is from conviction for aggravated robbery with a deadly weapon. V.T. C.A. Penal Code sec. 29.03. A jury was waived. Punishment is imprisonment for twelve years.

We affirm.

Appellant's grounds of error are that (1) the State failed to prove beyond a reasonable doubt that the person robbed was placed in fear of imminent bodily injury and death; and (2) his retained counsel did not render effective assistance in the trial.

The robbery occurred on the night of August 24, 1980, at a gasoline station operated by a manager and a cashier. They were robbed by two men who were armed with handguns which were pointed at the station personnel during the robbery.

The indictment states that on August 24, 1980, appellant did "INTENTIONALLY AND KNOWINGLY, WHILE IN THE COURSE OF COMMITTING THEFT OF PROPERTY AND WITH INTENT TO OBTAIN AND MAINTAIN CONTROL OF SAID PROPERTY, THREATEN AND PLACE SHERRI L. FARMER IN FEAR OF IMMINENT BODILY INJURY AND DEATH, AND THE DEFENDANT DID THEN AND THERE USE AND EXHIBIT A DEADLY WEAPON, TO WIT: A FIREARM."

Farmer was the station manager, and Linda Wallace was the cashier. The manager's testimony includes the following exchange:

[PROSECUTOR]:

Q. Did you—did you direct Linda Wallace to give the money to the Defendant?

A. Yes, sir, I did.

Q. If those two men hadn't had guns, would you have directed Linda Wallace to give them the money?

A. I have no idea.

Q. Was it because they had guns that you gave it to them?

A. Yes, that was the big reason.

Q. All right. *Were you afraid of these two men at that time they had guns pointed on the two of you?*

A. *Yes, sir, I was.*

Q. Were you afraid—were you in fear of bodily injury or death?

A. I don't think that I was that much afraid for myself as I was for my cashier.

Q. Okay. They had—he had—one of the men had a gun on you for a period of time?

A. Yes, sir.

Q. Okay. *And you were afraid for your own safety,* but you were also afraid for the other person—

A. *Yes, sir.*

\* \* \*

Q. Is there any doubt in your mind that the Defendant, David Wayne Goodacre, is one of the ones that robbed you that night?

A. No, sir, there is not.

(Emphasis added).

█ That testimony is sufficient to establish that the manager was placed in fear of imminent bodily injury and death. The first ground of error is overruled.

The second ground of error focuses on three events of the trial, contending that each one illustrates ineffective representation by appellant's retained trial counsel.

The first episode was during the testimony of cashier Linda Wallace, when the following exchange took place:

[DEFENSE COUNSEL]:

Q. All right. And did you happen to be there when a robbery took place?

A. Yes, sir.

Q. On August the 24th?

A. Yes, sir.

Q. All right. Were you close to the two people that were conducting the robbery?

A. I was close to one of them.

THE COURT: This one?

THE WITNESS: Yes, sir.

THE COURT: Is that the man that robbed you?

THE WITNESS: Yes, sir.

THE COURT: What did you call her for? Trying to prove the State's case?

[DEFENSE COUNSEL]: No, sir.

Appellant's trial counsel then explained that his intended strategy was to cast doubt upon the method by which the cashier had identified appellant to the police as being one of the robbers. Counsel conceded that he had not talked to the cashier before she took the stand.

■ We may not judge the competency or adequacy of this strategy by hindsight and may only gauge the adequacy of an attorney's services by the totality of the representation. *Sanchez v. State*, 589 S.W.2d 422 (Tex.Cr.App.1979).

■ Normally, a trial judge should not inquire into the matter of defense strategy and tactics. Any inquiry that is deemed necessary because the strategy and tactics appear to lack any plausible basis should be made out of the presence of the prosecutor, in all cases, and out of the presence of the jury when there is one. *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.1978).

■ We conclude that appellant's trial counsel did not ineffectively represent the appellant by calling the cashier as a witness. Whether the tactic would have been successful is now only a matter of conjecture.

The question which resulted in the cashier's courtroom identification of appellant as one of the men who robbed her was not asked by defense counsel; it was asked by the court.

If it was error for the court to ask that question, however, the error was harmless, because the prosecuting witness had already identified appellant, in the courtroom, as one of the robbers.

The second episode that the appellant attacks as ineffective assistance of counsel occurred while appellant voluntarily testified in his own behalf.

On direct examination, appellant testified that when he was detained for investigation after his arrest, he submitted to a polygraph; and a police officer told him he "failed the lie detector test."

■ Polygraph results are not admissible in Texas for either the State or the defense. *Lewis v. State*, 500 S.W.2d 167 (Tex.Cr.App.1973). We must presume, therefore, that in the absence of a jury, appellant's testimony caused no harm, because it must be presumed that the court disregarded inadmissible evidence. *Keen v. State*, 626 S.W.2d 309 (Tex.Cr.App.1981).

■ The third episode characterized by appellant as ineffective representation concerns the testimony of Felton Bernard Goff, a defense witness. He testified that he was with the appellant at 8:15 p. m. on August 24, 1980, but not at 10:30 p. m., when the robbery occurred.

Appellant argues that Goff was expected to verify appellant's alibi that they had been together at Goff's home at the time of the robbery. There is no explanation in the record as to why Goff testified as he did, and we cannot assume it was due to ineffective counsel.

Appellant also urges that we consider the trial court's comment at sentencing, when the appellant told the court that he had not committed the robbery. The court responded, "Your side proved that you did. All the testimony came from your side."

We do not agree with that assessment of the record, however. We conclude that any errors committed by trial counsel were not prejudicial and that the evidence presented by the State was sufficient, beyond a reasonable doubt, to support the conviction.

## OPINION ON MOTION FOR REHEARING

The appellant's motion for rehearing includes an assertion that this court did not view the totality of the representation provided by trial counsel in the trial court, but only examined three incidents that occurred during the trial.

In its original brief on appeal, the appellant focused only on three events of the

trial, contending that each one illustrated ineffective representation by appellant's retained trial counsel. Our review of each of the three incidents, however, considered those actions in the context of the entire trial record and the totality of the representation.

The motion for rehearing is overruled.