GLICKSTEIN, Judge,
dissenting.
We are receding from Howard v. State, 458 So.2d 407 (Fla. 4th DCA 1984), which interpreted Delap v. State, 440 So.2d 1242 (Fla.1983), saying:
We find no other error in the trial court, but mention the stipulation for the use of the polygraph examination for two reasons. First, we remind counsel that by stipulating to its use, the defendant waives the underlying objection to reliability, thus mooting reliability as an issue. See DeLap v. State, 440 So.2d 1242, 1247 (Fla.1983).
Id. at 408.[1]
DeLap, which Howard interpreted, reiterated that parties may stipulate to the admissibility of the results of a polygraph test, citing Anderson v. State, 241 So.2d 390 (Fla.1970), vacated, 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758 (1972); State v. Brown, 177 So.2d 532 (Fla. 2d DCA 1965). It repeated that each of the parties may waive his evidentiary objection to such test result.
The majority swims upstream and downstream at the same time, in my view. A trial lawyer, defending someone who had failed a polygraph test, would rise to object to the admissibility of the test result, absent a stipulation, on the ground that the evidence is incompetent, therefore inadmissible. Its incompetence is occasioned by its unreliability.
Because of the majority’s opinion, once a defendant has now waived his objection to the inadmissibility of the polygraph test, because of its unreliability, he can still argue to the jury and get an instruction from the trial judge similar to that given in Valdez or Griggs, both cited by the majority. The majority mixes the question of competent evidence with that of weight to be given to the evidence.
I could join in a decision by the majority that said to the parties that they could stipulate to:
A. Admissibility of the test result and total exclusion of the issue of reliability, or
B. Admissibility of the test result with the understanding that the parties would be entitled to introduce evidence upon the issue of reliability; and that the defense would be entitled to the following instruction set forth in Griggs:
By agreement of the parties, the court has admitted the testimony of the polygraph examination of the defendant. You are instructed that the polygraph examiner’s testimony does not tend to prove or disprove any elements of the crime with which the defendant has been charged, but at most tends only to indicate whether or not at the time of the examination the defendant was telling the truth. It is for you, the jury, to determine the corroborative weight and effect such testimony should be given.
656 P.2d at 531.
At my request, the court sought and obtained from the state prosecutors and public defenders amicus curiae briefs upon the following issues so that this court’s ultimate decision would not be made without their input:
(1) Given only a verbal stipulation between the parties which recites nothing more than that upon the defendant’s failure of the polygraph examination, the results of same will be introduced into *958 evidence, or upon his passing, the charge will be dropped, is the issue of reliability waived by the defendant or only the defendant’s objection to the admissibility of the results? In discussing this issue, specifically discuss whether the question of reliability is one of the competency of the evidence or the weight of the evidence.
(2) If the issue of reliability is not waived, and the state must come forward with evidence upon that issue, should an instruction be given along the lines of those given in State v. Valdez [91 Ariz. 274], 371 P.2d 894 (Ariz.1962) and State v. Griggs [33 Wash.App. 496], 656 P.2d 529 (Wash.App.1982).
The prosecutors’ brief points out that it is the unreliability of polygraph test evidence which precludes its admissibility, citing Farmer v. City of Fort Lauderdale, 427 So.2d 187, 190 (Fla.1983); that the issue of reliability is excluded from the trial if there is a stipulation to admissibility, citing State v. McNamara, 252 Iowa 19, 104 N.W.2d 568 (1960); and that to hold as the majority now holds is to permit the defendant to have his cake and eat it, too, by failing the test and producing expert evidence of its unreliability.
The public defenders’ brief argues that reliability is either an issue separate from admissibility or a mixed question of admissibility and weight of the evidence. The brief then says:
Some courts take the position that the issues of admissibility and reliability are distinct, and admit stipulated polygraph results under a waiver or estoppel theory:
The courts, therefore, enforce stipulations and admit the tests in these cases not because the evidence is considered reliable under the Frye standard, but rather because under a waiver or es-toppel theory all parties have consented to the admission of the test results. Comment, The Truth About the Lie Detector in Federal Courts, 51 Temple L.Q. 69, 90 (1978).
See also, Herman v. Eagle Insurance Co., 396 F.2d 427 (9th Cir.1963 [1968])
(Admissibility of polygraph results on stipulation did not have any implication as to reliability.)
Other courts, including the Arizona Supreme Court in State v. Valdez [91 Ariz. 274], 371 P.2d 894 (Ariz.1962) and the Court of Appeals of Washington in State v. Griggs [33 Wash.App. 496], 656 P.2d 529 (Wash.App.1982), admit stipulated polygraph results only with substantial procedural safeguards. Valdez can be viewed in one of two ways with respect to the admissibility/weight of evidence issue. One way is that Valdez treats reliability as a mixed question of admissibility and weight of evidence. This view is consistent with the procedural safeguards that must be provided both before and after admissibility. Under Valdez, the determination that test results are admissible does not by itself cure the problem of reliability; additional safeguards after the determination of admissibility such as cross-examination and cautionary instructions must be provided. Another way to view Valdez is that it based admissibility not on “reliability but on the stipulation and other conditions it set forth in the decision. See, Valdez, supra, 371 P.2d at 700 [900], State v. Treadway [Treadaway], 116 Ariz. 163, 568 P.2d 1061, 1067-1068 (1977); and State v. Hill, 40 Ohio App.2d 16, 317 N.E.2d 233, 238 (1963).” State v. Dean, 103 Wisc.2d 288 [228], 307 N.W.2d 678 [628], 685 (1981). Under either view of Valdez, reliability survives as an issue after a determination of the admissibility of polygraph results.
A third approach is that polygraph results are inadmissible, notwithstanding a written stipulation of admissibility. State v. Corbin, 285 So.2d 234 (La.1973); Stone v. Earp, 331 Mich. 606, 50 N.W.2d 172 (1951); Fulton v. State, 541 P.2d 871 (Okla.Crim.App.1975); Lewis v. State, 500 S.W.2d 167 (Tex.Crim.App.1973); Commonwealth v. A Juvenile, 365 Mass. 421, 313 N.E.2d 120, 123-124 (1974); Pulakis v. State, 476 P.2d 474, 479 (Alaska 1970); State v. Watson, 248 N.W.2d 398 (South Dakota 1976); Robinson v. State, 550 S.W.2d 54, 59 (Tex. *959 Crim.App.1977); State v. Dean, supra; People v. Baynes, 88 Ill.2d 225 [58 Ill. Dec. 819], 430 N.E.2d 1070 (1981). These cases reason that if the “rationale for exclusion is the inaccuracy of the test, it does not gain accuracy by a mere stipulation of the parties.” Wigmore, Evidence, Section 7a, n. 6, p. 569.
(Footnote omitted.)
Those of us who have prosecuted and defended felonies are familiar with the customary bargain that is made between prosecutors and defense counsel. Howard tried to stop the practice of telephone or other verbal bargains that did not spell out the terms of the bargain. Such verbal bargains have been, historically, that if the defendant passes, he walks; if he fails, the result goes into evidence. Apples. There has been, in my view, little if any discourse about oranges.
The majority has gone too far by limiting the usefulness of a prosecutorial tool without fully considering all of the ramifications, including possible reduction in the number of cases concluded on guilty and nolo contendere pleas. Judicial restraint would favor a ruling which leaves it to the parties to stipulate knowingly to that which they choose.
Finally, in my view, the issues briefed by the respective associations should be the questions to be certified to this state’s highest court together with a third question consistent with the suggestion made in this dissent for a more reasonable majority decision; namely, whether the parties can stipulate to the admissibility of the result and further stipulate that the defendant shall have the opportunity to present evidence and obtain an instruction upon reliability. I think this court owes it to the criminal justice system to consider all of the possibilities of a stipulation. Had I thought of it sooner, I would have suggested this last question as one to be briefed by the prosecutors and public defenders, that if they want to put it all on the line, they can do so. We are taking that prosecutorial tool away from them; and I find neither the logic, authority or policy reason to do so.

. We added in Howard, as hopefully constructive dicta, the following:
Second, we suggest that stipulations such as used here — namely, if an accused passes the examination, he takes a walk, and if he fails, he responds to the charges — should spell out in detail to what the parties have agreed: that the issue of reliability has been waived by its execution; and that the stipulation and result will be received into evidence if unfavorable to the accused. With such recitations, together with execution by the accused and counsel, the trial can proceed without subjecting the jury to a debate on the pro and con of polygraph examinations. More important, the written word will eliminate uncertainty in the accused's mind as to the stakes and the ramifications if he fails.