In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00678-CR

____________


MICHAEL AARON FEW, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 85th District Court 

Brazos County, Texas

Trial Court Cause No. 24,117-85




 

O P I N I O N


 In 1996, appellant, Michael Aaron Few, pled guilty to sexual assault of a child
and was placed on seven years deferred adjudication, subject to conditions of
community supervision. In 2001, the trial court adjudicated appellant's guilt and
assessed punishment at 12 years in prison. We address (1) whether appellant's claim
that he received ineffective assistance of counsel during the punishment phase of the
adjudication hearing, when counsel did not call at least four witnesses who were
ready to testify on appellant's behalf, is firmly founded on the record; (2) whether
appellant preserved his complaints that the trial court abused its discretion in
considering inadmissible evidence introduced during the guilt stage when deciding
punishment at the adjudication stage; and (3) whether it was reversible error for the
trial court to refuse appellant's request that a new pre-sentence investigation (PSI)
report be made. We affirm. 

Facts

 The State called five witnesses to testify regarding appellant's violations of his 
conditions. Appellant and his mother testified on his behalf. Among the State's
witnesses was the polygraph examiner who had examined appellant pursuant to an
amended condition of community supervision requiring such examinations. The
polygraph examination indicated appellant had accessed pornographic material on the
internet--a violation of his community-supervision conditions. The test also
indicated deception when the examiner asked appellant if he had committed the
offenses against the victim. Appellant maintained that he did not assault the victim,
but, based on the test results, the examiner believed that appellant was untruthful.

 The State asked, for the purposes of punishment, that the trial court take
judicial notice of everything that had taken place during the adjudication process. 
The court agreed to do so. No objection was made on behalf of appellant.

 At the punishment phase, the original victim testified that she was sexually
abused over a period of several months, and on approximately nine separate
occasions, by appellant. Appellant did not refute this testimony. 

 The trial court then addressed the issue of the PSI report. A PSI report,
prepared for the initial trial, had since been updated to include a new victim impact
statement prepared by the victim; the original statement had been filed by the victim's
mother. The trial court allowed counsel to review the file for the purpose of offering
any new evidence to update the PSI report. No new evidence was offered. 
Appellant's counsel requested that a new PSI report be made. The request was
denied, and no further objection was made. 

 Ineffective Assistance of Counsel

 Appellant's first point of error contends that he was deprived of effective
counsel during the punishment phase of the adjudication hearing. Appellant insists
that his counsel did not call at least four witnesses who were ready to testify to the
"non-violent, non-aggressive manner of appellant as well as his ability to be trusted
around children and grandchildren." Mention of the existence of additional witnesses
is not sufficient to support appellant's claim. In a claim that counsel was ineffective,
appellant must show that (1) counsel's representation fell below an objective standard
of reasonableness and, (2) but for counsel's errors, the result of the proceedings
would have been different. Strickland v. Washington, 446 U.S. 668, 687, 688, 694,
104 S. Ct. 2052, 2064, 2068 (1984). Without satisfying both prongs, appellant's
complaint is without merit.

 The record contains no evidence that the character witnesses were available
to testify at the hearing, and, further, appellant has not shown that, had counsel called
the character witnesses, the result of the proceedings would have been different. It
is appellant's unsupported opinion that he would have benefitted from the testimony
of these four witnesses. A finding that trial counsel was ineffective based on this
record would be mere speculation. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). 

 We overrule appellant's first point of error.

Inadmissability of Evidence in Determining Punishment

 In his second point of error, appellant contends the trial court abused its
discretion in considering inadmissible evidence when deciding his punishment. 
Appellant presents two challenges: (1) the admission of the polygraph examiner's
opinion of appellant's truthfulness was improper and (2) the trial court should not
have considered hearsay testimony that did not fall within an exception.


A. Improper Evidence of Polygraph Examiner's Opinion

 Appellant contests the admissibility of improper polygraph evidence introduced
at the adjudication hearing. Appellant cited to Romero v. State, 493 S.W.2d 206, 213
(Tex. Crim. App. 1973) at the adjudication hearing and cites to Lewis v. State, 500
S.W.2d 167, 168 (Tex. Crim. App. 1973) on appeal to challenge the admissibility of
polygraph evidence. The following exchange occurred during direct examination of
the polygraph examiner:

 Defense: Your Honor, at this time, we would object to any more
testimony. Polygraph evidence has long been held to be
inadmissible in Texas courts. The case of Romero versus
State, 493 S.W.2nd 206, and many cases afterwards, have
held that it is inadmissible. Accordingly, we object to any
testimony about--or any evidence as a result of the test.

 

 The Court: Any opinions as to the truthfulness or the falsity of the
statements, which is a purpose of the test, your objection
will be sustained; but the statements made during the
examination, overruled. 


 On redirect examination, the polygraph examiner was asked by the State to
offer his opinion of whether appellant was untruthful when the machine indicated
deception:

 Prosecutor: And you believe he was being untruthful to your
questions?


 Witness: That is correct, on this particular instance. 



 Counsel for the appellant did not object to this question or to the witness's
answer. When an appellant claims a trial court erred in admitting evidence offered
by the State, the error must have been preserved by a proper objection and ruling. See
Tex. R. App. P. 33.1(a). Although appellant had objected earlier, the error was not
properly preserved for review because appellant did not make a continuing objection
and did not re-urge the objection when the same evidence later came in. See
Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Texas law
generally requires a party to continue objecting each time inadmissible evidence is
offered. Beheler v. State, 3 S.W.3d 182, 187 (Tex. App.--Fort Worth 1999, pet.
ref'd). Appellant failed to object on redirect examination; therefore, this point of
error is waived.


 Inadmissible Hearsay


 Appellant contends that the trial court erred in considering inadmissible
hearsay testimony from Dawn Sustaita, appellant's probation officer. Appellant
concedes he did not object to the admission of the testimony, but contends that, even
so, hearsay is without probative value and should not be considered. Appellant cites
three opinions in support. See Maden v. State, 542 S.W.2d 189, 192 (Tex. Crim. App.
1976); Lumpkin v. State, 524 S.W.2d 302, 305 (Tex. Crim. App. 1975); Mendoza v.
State, 522 S.W.2d 898, 899 (Tex. Crim. App. 1975). 

 The State contends that these authorities have been overruled by later authority
holding that hearsay testimony admitted without objection has probative value and
may be considered. See Chambers v. State, 711 S.W.2d 240, 247 (Tex. Crim. App.
1986); Frazier v. State, 600 S.W.2d 271, 274 (Tex. Crim. App. 1980) (op. & op. on
reh'g) (probation-revocation hearing). The State is correct. Chambers instructs
courts to "treat inadmissible hearsay admitted without objection the same as all other
evidence in the sufficiency context, i.e., it is capable of sustaining a verdict." 711
S.W.2d at 247. Because the hearsay testimony was admitted without objection, the
trial court properly considered it. 

 We overrule appellant's second point of error.

Refusal to Update PSI Report

 Appellant's final point of error complains of the trial court's denial of
appellant's request for an updated PSI report. 

 A PSI report was already in existence, having been created five years earlier. 
The attorneys were afforded an opportunity to review and update the PSI report. The
Code of Criminal Procedure, article 42.12, section 9, regarding PSIs, states as
follows:

 Sec. 9. (a) Except as provided by Subsection (g) of this section, before
the imposition of sentence by a judge in a felony case, and except as
provided by Subsection (b) of this section, before the imposition of
sentence by a judge in a misdemeanor case the judge shall direct a
supervision officer to report to the judge in writing on the circumstances
of the offense with which the defendant is charged, the amount of
restitution necessary to adequately compensate a victim of the offense,
the criminal and social history of the defendant, and any other
information relating to the defendant or the offense requested by the
judge. It is not necessary that the report contain a sentencing
recommendation, but the report must contain a proposed client
supervision plan describing programs and sanctions that the community
supervision and corrections department would provide the defendant if
the judge suspended the imposition of the sentence or granted deferred
adjudication.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2002).


 The purposes of a PSI report are thus to determine (1) the circumstances of the
charged offense, (2) the amount of restitution necessary to compensate a victim of the
offense adequately, (3) the defendant's criminal and social history, and (4) any other
information relating to the defendant or the offense requested by the judge. See id. 
These four purposes were satisfied during the adjudication portion of the hearing by
means of the original PSI report and the evidence admitted. Further, the attorneys
were permitted before punishment to present any information that they wished to be
added to the PSI report. No additional information was offered before the trial court
at that time.

 In addition, the record indicates that creating a subsequent PSI report would
likely have had no effect or only a detrimental effect on appellant's case. With regard
to the previously mentioned four purposes for the PSI report, information regarding
the circumstances of the offense would not have changed. Similarly, the fourth
purpose was satisfied at the punishment stage when the trial court solicited additional
information from both parties to update the report.

 The second and third purposes of the PSI report would have, most likely,
remained unchanged or been detrimental to appellant. The amount of restitution
necessary to compensate the victim of the offense adequately could have been only
the same as, or greater than, the amount in the original PSI report. Indeed, the victim
testified that, as a result of appellant's assaults on her, she lost her job, was depressed
for years, took medication and was hospitalized for her depression, had panic and
anxiety attacks, and had a difficult time trusting men. The third purpose of the report,
the criminal and social history of the defendant, would also have, most likely,
changed only for the worse. Specifically, appellant's numerous violations of his
community supervision requirements, as well as his lack of accountability for the
underlying offense, show a criminal and social history that reflects only negatively
on appellant. The creation of a more recent PSI would, most likely, have had no
effect or a harmful effect on the trial court's view of appellant. Accordingly, even if
it was error for the trial court to deny appellant's request for an updated PSI report,
any error was clearly harmless under the facts and circumstances of this case. Tex.
R. App. P. 44.2(b). 

 We overrule the appellant's third point of error.



Conclusion

 We affirm the judgment of the trial court. 







 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (1)


Do not publish. Tex. R. App. P. 47.1.
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.