[Nos. 1320-2; 1341-2.    Division Two.    August 15, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DONN A. NIX, ET AL, *Appellants*.

*John O. Cossel, Niichel & Cossel, Bart G. Irwin,* and *Wilson, Platt, Johnson & Irwin,* for appellants (appointed counsel for appeal).

*Craig Ritchie, Prosecuting Attorney,* for respondent.

COCHRAN, J.*—This is an appeal from a jury conviction of attempted second-degree burglary. The record shows that about 2:30 a.m. on April 30, 1973, a Port Angeles police officer heard loud banging coming from a warehouse. The defendants were thereafter apprehended in an alley behind the warehouse and were in possession of a pry bar and hatchet. Investigation revealed a hole had been torn in the outer wall of the warehouse. The defendants contend that the crime of attempted second-degree burglary requires the State to prove not only an intention to break into the warehouse, but also that once inside the warehouse, they intended to commit a crime therein. The defendants allege this "specific intent" to commit a crime

---

*Judge John D. Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

inside the warehouse was not shown nor was the jury instructed on that element of the crime. The defendants claim the court erred in giving the following instructions:

### Instruction No. 6

The Court instructs the Jury that the law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

### Instruction No. 9

Every person who, with intent to commit some crime therein, shall break and enter any building, or part thereof, not being lawfully owned or occupied by said person, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless unlawful breaking and entering shall be explained by testimony satisfactory to the Jury to have been made without criminal intent.

The word "building" shall include every house, shed, boat, watercraft, railway car, tent or booth, whether completed or not, suitable for affording shelter for any human being, or as a place where any property is or shall be kept for use, sale, or deposit.

The defendants assert the following proposed instructions were more appropriate:

### Instruction No. 2

An attempt to commit any crime requires a specific intent to commit that particular offense.

### Instruction No. 3

A specific intent is some intent other than to do the physical acts which are specifically required for guilt.

The instructions given by the court are in the language of the statutes[1] and the defendants' requested

---

[1] RCW 9.19.020 provides:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree,

instructions add nothing to the duties of the jury. The jury was specifically instructed to find intent to commit a crime. The court's instruction No. 3, paragraph 2, states:

> 2. That at the time the Defendant attempted to break and enter said building he did so with the intent to commit a crime therein.

Moreover, there are no different elements to prove in an attempted burglary than in a completed burglary, such as specific intent as contended by defendants. An attempt to commit a crime is specifically defined as an offense included in the crime itself. *State v. Rowe*, 60 Wn.2d 797, 376 P.2d 446 (1962). This was covered by the court through instruction No. 5:

> An act done with intent to commit a crime and tending but failing to accomplish it is an attempt to commit a crime.

Certainly each party is entitled to have his theory of the case set forth in the court's instructions. In this case the

---

enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

RCW 10.61.003 provides:

"Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense."

RCW 9.01.070 provides in part:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:"

RCW 9.19.030 provides:

"Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in RCW 9.19.010 and 9.19.020 shall be deemed to have broken and entered or entered the same with intent to commit a crime therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

court properly and adequately instructed the jury, and defendants' proposed instructions would only add confusion.

The judgment of the trial court is therefore affirmed.

BRYAN (A.C.J.) and WIEHL, JJ. Pro Tem., concur.