414 So.2d 288 (1982)
Mark CARRON and Robert Rapone, Appellants,
v.
STATE of Florida, Appellee.
Nos. 81-1287, 81-1447.
District Court of Appeal of Florida, Second District.
May 26, 1982.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellants were each convicted of armed robbery, using a firearm in the commission of a felony, and two counts of kidnapping. In this appeal, they attack their convictions for kidnapping.
*289 Daniel Ruper and his brother Keith were home from school because of illness. Early in the afternoon, appellants came to the house stating that they needed to contact a third brother, Lenny. Daniel invited them in and began to telephone a friend of Lenny's in order to locate him. Rapone pulled a gun and threatened to kill him if he did not put down the phone. He then ordered Daniel upstairs. Appellants went to Keith's room where they told Daniel and Keith to stay on the bed and be quiet. Carron held a gun on them while he searched the room. Daniel could hear Rapone rummaging through his mother's room. When Rapone returned, they moved Daniel and Keith into another room. Carron discharged a pistol in Daniel's direction. Rapone then ordered them to lie down and threatened to kill them if they didn't tell him where they kept the money. Daniel stated that it was in the bank. The appellants then tied Daniel and Keith with telephone wire, picked them up and put them in the bathtub. They threatened to shoot the boys if they called the police. The appellants further rummaged through the house and finally left. The boys freed themselves and ran for help. The appellants were later arrested, and property stolen from the house was recovered.
Appellants were charged with kidnapping under section 787.01(1)(a)2., Florida Statutes (1979), which reads as follows:
(1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
... .
2. Commit or facilitate commission of any felony.
On the premise that the legislature did not intend to convert every first-degree robbery and every forcible rape into two life felonies, the court in Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), interpreted the foregoing statute as not including movement or confinement that was inconsequential or inherent in the nature of the felony. The court adopted the rationale of State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976), in which the Kansas Supreme Court similarly interpreted its somewhat narrower kidnapping statute[1] as follows:
We therefore hold that if a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
For example: A standstill robbery on the street is not a kidnapping; the forced removal of the victim to a dark alley for robbery is. The removal of a rape victim from room to room within a dwelling solely for the convenience and comfort of the rapist is not a kidnapping; the removal from a public place to a place of seclusion is. The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping; locking him in a cooler to facilitate escape is. The list is not meant to be exhaustive, and may be subject to some qualification when actual cases arise; it nevertheless is illustrative of our holding.
219 Kan. at 216, 547 P.2d at 731.
The First District Court of Appeal followed the Harkins interpretation of the statute. Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981); Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA 1980); Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980). However, in Faison v. State, 399 So.2d 19 (Fla.3d DCA 1981), the Third District Court of Appeal suggested that the wording of our statute does not lend itself to the refinements *290 imposed by Harkins.[2] Thus, under a literal reading of the statute, most, if not all, robberies and sexual batteries are also kidnappings.[3]
Recognizing that a reasonable argument can be made in favor of both the Faison and Harkins interpretations, we are inclined toward the position expressed in Harkins. Despite the broad language of the statute,[4] we hold that in order for a person to be convicted of kidnapping with intent to commit or facilitate the commission of another felony, the offending movement or confinement: (1) must not be slight, inconsequential and merely incidental to the other felony; (2) must not be of the kind inherent in the nature of the other crime; and (3) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.[5]See State v. Buggs.
Applying even these standards to the facts of the instant case, we have no difficulty in concluding that appellants' conduct was such as to support a conviction of kidnapping. The movement of the boys throughout the house was neither slight nor inherent in the robbery. By tying the boys up in the bathtub, appellants substantially decreased the risk of their detection.
Unlike the other Florida decisions on the subject, our inquiry cannot stop here because, in their second point, appellants argue that the court erred in refusing to give an instruction purporting to outline the details of the Harkins interpretation of the statute. Actually, from our examination of the record, we find that Rapone did not request such an instruction. Therefore, he is in no position to assert that the court erred in failing to give it.[6] Fla.R.Crim.P. 3.390(d). However, Carron did submit a proposed instruction which read as follows:
If you find from the evidence that the confinement of the alleged victims during the robbery was of minimum duration, was without significant movement and did not significantly lessen risk of detection or make the robbery more substantially easier to complete than would any alternative forceable restraint essential to the commission of the robbery, you must find the Defendant not guilty of kidnapping.
If you find from the evidence beyond and to the exclusion of a reasonable doubt that the confinement of the alleged victims during the robbery was not of minimal duration, was with significant movement and did significantly lessen the risk of detection or make the robbery more substantially easier to complete than would any alternative forceable restraint essential to the commission of the robbery, then you must find the Defendant guilty of the charge of kidnapping.
*291 Rather than giving the requested instruction, the court simply tracked the kidnapping statute by reading to the jury the following instruction:
With regard to the charge of kidnapping, kidnapping means forceably, secretly or by threat confining, abducting or imprisoning another person against his will and without lawful authority with intent to one hold for ransom or reward or as a shield or hostage; two, commit or facilitate the commission of any felony; three, inflict bodily harm upon or to terrorize the victim of another person; four, interfere with performance of any governmental or political function.
The troubling question is that if the Harkins interpretation of the statute is correct, how can the jury intelligently make a factual determination of whether a defendant has committed kidnapping with intent to commit or facilitate the commission of a felony unless it is instructed concerning the nature of the movement or confinement required for conviction?[7] Since we have adopted the Harkins interpretation, we are convinced that the court should do more than simply read the statute to the members of the jury in order to properly instruct them on the law.[8] We hold that in a case where the state charges kidnapping with intent to commit or facilitate the commission of a felony, the court should give the jury an instruction containing the essential ingredients of the Harkins interpretation of the statute.[9]
Despite this conclusion, we find it unnecessary to reverse Carron's conviction. It is not error to refuse to give an instruction which is an incorrect statement of the law. Wells v. State, 270 So.2d 399 (Fla.3d DCA 1972). Carron's requested instruction would have misled the jury concerning the Harkins interpretation of the statute because it seemed to say that to convict of kidnapping the confinement of the victim had to be more than of minimal duration and with significant movement. Under the Harkins reasoning, there can be a kidnapping through either significant confinement or significant movement.[10] Furthermore, the proposed instruction injected an erroneous requirement that the confinement had to make the robbery easier to complete than would the use of any alternative form of forcible restraint.[11]
Perhaps the court would not have given the instruction even if it had been correctly stated. Yet, we are reluctant to endorse a principle that where a party requests a legally erroneous instruction on subject matter which the appellate courts have not previously suggested as appropriate for a jury instruction, the court must not only perceive the need for the instruction but also straighten it out so as to present a correct legal principle. From our study of the record, we are convinced that both appellants received a fair trial.[12]
Because we recognize that the law of kidnapping in connection with the intent to *292 commit or facilitate the commission of a felony is now in a state of flux, we have chosen to certify to the supreme court the following questions:
1. IN ORDER TO CONVICT OF KIDNAPPING WITH INTENT TO COMMIT OR FACILITATE COMMISSION OF ANY FELONY, TO WHAT EXTENT, IF ANY, MUST THERE BE CONFINEMENT OR MOVEMENT WHICH IS NOT INHERENT IN THE NATURE OF THE OTHER FELONY?
2. SHOULD THE JURY BE INSTRUCTED CONCERNING THE REQUISITE CONFINEMENT OR MOVEMENT?
AFFIRMED.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The pertinent subsection of the Kansas statute read: "... (b) To facilitate flight or the commission of any crime; ... ."
[2] The holding in Faison did not conflict with Harkins because Faison recognized that the defendant in that case was guilty of kidnapping even under the Harkins interpretation of the statute.
[3] Under these circumstances, section 775.021(4), Florida Statutes (1981), could not be applied to mitigate the punishment because there would be no lesser included offenses.
[4] Actually, there is nothing in the statute which even requires the ancillary felony to be committed. Cf. section 810.02 in which the burglary is accomplished once a person enters a structure with the requisite intent.
[5] Ironically, some courts place a third interpretation upon similar statutes which is more restrictive than the one we adopt. In those cases, kidnapping convictions have been reversed even where the confinements were of long duration or the movements covered substantial distances. E.g., People v. Lombardi, 20 N.Y.2d 266, 282 N.Y.S.2d 519, 229 N.E.2d 206 (1967) (drugging woman and driving her to motel in another borough of New York City for the purpose of sexual assault); People v. Moore, 84 Cal. Rptr. 771, 4 Cal. App.3d 668 (1970) (moving store clerks to back room during the course of a hold-up and locking the door to facilitate escape).
[6] This statement should not be read as a criticism of Rapone's trial counsel. Our study of the record suggests that it was not because of oversight that he did not request a similar instruction. We can fully appreciate that under certain circumstances, defense counsel as a tactical decision may conclude that he would be better off without such an instruction.
[7] Cf. People v. Adams, 389 Mich. 222, 205 N.W.2d 415 (1973), holding that the jury must be properly instructed on the nature of the movement which is necessary to convict of kidnapping in connection with the commission of another crime.
[8] Unfortunately, there is no standard jury instruction on kidnapping.
[9] Our decision to require additional jury instructions in order to explain judicial refinements of statutory offenses is not new. E.g., Koltay v. State, 360 So.2d 802 (Fla.2d DCA 1978); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
[10] The specific shortcoming to which we refer is in the second paragraph where the phrases "was not of minimal duration" and "was with significant movement" are stated in the conjunctive rather than in the disjunctive.
[11] While the requested instruction was apparently adapted from Friend v. State, we view the language which directs the comparison with alternative forms of forcible restraint to be an unwarranted extension of the Harkins standards.
[12] While the closing arguments are not included in our record, we note that in denying the requested instruction, the court stated that it would permit counsel to argue to the jury the type of detention that would not constitute kidnapping.