[No. 9423–8–I.   Division One.   November 22, 1982.]

RAMONA CROSSEN, *as Guardian, Appellant,* v. SKAGIT COUNTY, *Respondent.*

*C. Stan Webert,* for appellant.

*Richard J. Dunlap* and *David M. Soderland,* for respondent.

RINGOLD, J.—Ramona Crossen, in her capacity as guardian for Steven Crossen, her son, brought an action for damages against Skagit County for injuries suffered by Steven when an automobile in which he was a passenger was driven beyond the end of a county road. Crossen appeals the judgment entered on a jury verdict in favor of Skagit County. We affirm.

On March 19, 1978, Steven Crossen attended a party at a cabin near LaConner, Washington. At approximately 8 p.m. Crossen and Robert Parker left the party in Parker's car to buy more beer at a nearby store. Neither was familiar with the area, and each had already consumed a large quantity of beer at the party. Traveling south on Thompson Road on the way back from the store, Parker missed a left turn onto Stevenson Road and instead continued south on Thompson at a speed of between 45 and 80 m.p.h., as calculated by the various experts at trial. Parker failed to see a combination dead end/35–mile speed limit sign at the entrance to that portion of Thompson Road. Thompson Road had no street lighting. The roadway was good, dry asphalt and came to a dead end approximately .85 miles from the intersection with Stevenson.

When Parker saw the road end and applied his brakes, the car skidded 87 feet on the roadway, plowed through the dirt berm at the road end, became airborne, flew through some small trees and brush, and finally came to rest against a rock on the beach below. Parker was unhurt, but Crossen became comatose with signs of brain stem dysfunction. He suffered serious permanent disabilities.

Crossen's action against Skagit County alleged negligence

in the design and signing of Thompson Road. Venue was changed to King County by stipulation of the parties. The basic theory of the plaintiff during the trial was that the warning signs were inadequate because there was no sign near the end of the road warning that vehicles were approaching the terminus. After trial, the jury returned a special verdict for the defendant by answering "no" to the question, "Was there negligence by the Defendant, Skagit County, which was a proximate cause of injury or damage to the Plaintiff?" Crossen assigns error to three evidentiary rulings, seven of the court's instructions, and the failure of the court to give nine of Crossen's proposed instructions.

### ALLEGED INSTRUCTIONAL ERROR NOT PRESERVED FOR REVIEW

Crossen assigns error to the trial court's failure to give plaintiff's proposed instruction 34. The exception taken to this instruction was as follows:

MR. BEBACK: We take exception that the following instruction was not given:

"A statute provides that Skagit County shall place and maintain such traffic devices upon public highways under its jurisdiction as are necessary to carry out the provisions of the law or local traffic ordinances, or to regulate, warn or guide traffic. Such traffic devices, signs, signals and markers shall comply with the Uniform State Standard for the Manufacture, Display, Direction and Location thereof, as designated by the State Highway Commission," based upon RCW 47.36.060.

THE COURT: That exception is noted.

Our Supreme Court recently summarized the requirements for adequate exceptions to instructions:

CR 51(f) requires that, when objecting to the giving or refusing of an instruction, "[t]he objector shall state distinctly the matter to which he objects and the grounds of his objection". The purpose of this rule is to clarify, at the time when the trial court has before it all the evidence and legal arguments, the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction. *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 83, 492 P.2d 1058 (1971);

*see State v. McDonald,* 74 Wn.2d 141, 145, 443 P.2d 651 (1968). Therefore, the objection must apprise the trial judge of the precise points of law involved and when it does not, those points will not be considered on appeal. *Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979).

Crossen's exception to the failure to give plaintiff's instruction 34 is inadequate to "apprise the trial judge of the precise points of law involved". *Stewart,* at 298. The exception fails "to call to the trial court's attention the cases and theories set forth in the brief on appeal." *Stewart,* at 299. A bare statutory citation for the language used in a proposed instruction does not state reasons why the instruction is appropriate in a particular case, especially when the proposed instruction was arguably cumulative of the court's instruction 7, which stated Skagit County's duties with regard to road signs. The alleged error was not preserved for appeal.

Likewise, Crossen's exceptions to proposed instructions 35 and 38 (mislabeled 36 in the briefs) were inadequate to inform the trial court of the reasons for the exception and to preserve the error for appeal. The exceptions to both of these instructions merely recited a statutory source.

Pursuant to RCW 2.06.040, the remainder of this opinion, having no precedential value, will be filed for public record but not published.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied January 5, 1983.

Review granted by Supreme Court March 29, 1983.