[No. 5467–1–II. Division Two. December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM H. GRIGGS, *Appellant.*

---

*Stephen J. Hyde,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* and *Gerald Fuller, Deputy,* for respondent.

PETRICH, J.—Defendant, William Griggs, appeals his conviction of indecent liberties. He challenges the court's failure to suppress evidence of identification based on the use of a photograph which he claims was impermissibly suggestive; the use of a photograph of the victim which lacked authentication; admission of a hearsay statement over objection; the failure to give a requested instruction on the limitations of polygraph evidence; and the failure to grant a mistrial because of prosecutorial misconduct. The

determinative issue is whether the court erred in refusing to give the requested polygraph instruction which sets forth the limitations of such tests. We hold the court erred in refusing the requested instruction and reverse.

On April 29, 1978, 12–year–old Julie C. was babysitting in a motel apartment when defendant entered for a short period of time. Julie had met defendant about a week earlier and knew him as Bill. Later that evening, defendant returned to the apartment with one Ralph Anderson, who left after half an hour; defendant remained.

Julie testified that defendant spent the night trying to have sexual intercourse with her. Defendant, while acknowledging his presence, denied any misconduct and testified he fell asleep on the couch. The next evening Julie informed her mother what had taken place, and when the police arrived, she told them that her assailant was the Bill she had previously met. A doctor's examination revealed a tear in Julie's hymen and localized vaginal irritation.

Defendant left the area. He was not arrested until January of 1981, whereupon Julie and her mother were reinterviewed at the police station. While there, an officer showed Julie's mother a recent mug shot of defendant. She then passed the picture to Julie and, simultaneously, asked the officer if it was William Griggs. The officer responded affirmatively. Believing that Julie's ability to identify defendant was based on circumstances independent from the above incident, the court refused to suppress the evidence identification of the defendant by Julie.

During trial Julie was permitted to testify over objection that as Ralph Anderson was leaving the apartment, he told her "that if Bill bothers me or hurts me or anything, to holler." A photograph of Julie, taken within a couple of months of the alleged incident, was admitted to illustrate her features and maturity or lack thereof, over objection for lack of authentication.

Although the court had granted defendant's motion in limine preventing the State from disclosing evidence of defendant's parole status, defendant admitted during his

case in chief that he had been convicted of burglary and had violated probation. The State questioned defendant on this matter during cross and, during closing argument, referred to it again. The court overruled defendant's objections.

The defendant voluntarily submitted to a polygraph test, pursuant to a stipulation that the results could be introduced at trial. The polygraph examiner testified that defendant's negative responses to the question of whether he ever had sexual contact with Julie resulted in a showing of deception on the polygraph machine. Defendant took exception to the court's refusal to give the following instruction:

> By agreement of the parties, the court has admitted the testimony of the polygraph examination of the defendant. You are instructed that the polygraph examiner's testimony does not tend to prove or disprove any elements of the crime with which the defendant has been charged, but at most tends only to indicate whether or not at the time of the examination the defendant was telling the truth. It is for you, the jury, to determine the corroborative weight and effect such testimony should be given.

Defendant was convicted of indecent liberties and now appeals.

The State, while conceding that the proposed instruction is an accurate statement of the law on the use of polygraph examinations, argues that defendant failed to preserve the claimed error by neglecting to apprise the trial court of the precise points of law involved coupled with citation of legal authority. The State argues that, in any event, the failure to so instruct was harmless since defendant was permitted to argue the limitations of the polygraph tests, and further that there was adequate evidence of guilt apart from the polygraph examiner's testimony to justify affirmance. We disagree.

Our Supreme Court has articulated the requirements of adequate exceptions to instructions:

> CR 51(f) requires that, when objecting to the giving or

refusing of an instruction, "[t]he objector shall state distinctly the matter to which he objects and the grounds of his objection". The purpose of this rule is to clarify, at the time when the trial court has before it all the evidence and legal arguments, the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction. Therefore, the objection must apprise the trial judge of the precise points of law involved and when it does not, those points will not be considered on appeal.

(Citations omitted.) *Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979). *See also Crossen v. Skagit Cy.,* 33 Wn. App. 243, 653 P.2d 1365 (1982). It is of course helpful if the points of law are supported by case or statutory authority but we do not find such citations are essential so long as the points and theories are adequately explained to the trial judge.

After reading the proposed instruction,[1] defense counsel in the case before us stated why he wanted it—to educate the jury as to what the polygraph does and to inform them that it does not show absolute truth. It is true the record does not indicate that any legal authority was cited for support of the proposed instruction. However, the court did not suggest the instruction was an improper statement of the law; in fact, it allowed defendant to argue it orally to the jury. Here, defense counsel gave adequate reasons[2] why the instruction was warranted so as to preserve the matter on appeal.

 Each party in a criminal proceeding is entitled to

---

[1]While defendant's instruction says, "but at most tends only to indicate whether or not at the time of the examination the defendant was telling the truth," the limitation on the examination's use discussed in *State v. Renfro,* 96 Wn.2d 902, 907, 639 P.2d 737 (1982), states "'but at most tends only to indicate that at the time of the examination defendant was not telling the truth.'" The latter phraseology is also used in *State v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962), the seminal case that first proposed a limiting instruction as to polygraph evidence. However, we do not believe the proposed language is significantly different. *See, e.g., McLemore v. State,* 87 Wis. 2d 739, 275 N.W.2d 692 (1979).

[2]*State v. Ross,* 7 Wn. App. 62, 497 P.2d 1343, 53 A.L.R.3d 997 (1972), which adopted the *Valdez* instruction, had been decided 9 years earlier.

have his theory of the case set forth in the court's instructions. *State v. Nix,* 14 Wn. App. 191, 540 P.2d 453 (1975). The general rule is that where parties have stipulated the results of a polygraph examination of a defendant, the trial judge should instruct the jury that (1) the examination does not tend to prove or disprove any element of the crime charged, but at most tends to indicate only that at the time of the examination defendant was not telling the truth; and (2) that it is for the jury to determine what corroborative weight and effect such testimony should be given. *State v. Renfro,* 96 Wn.2d 902, 639 P.2d 737 (1982); *State v. Ross,* 7 Wn. App. 62, 497 P.2d 1343, 53 A.L.R.3d 997 (1972). Allowing defendant to argue this theory orally was not sufficient; the court erred by not including the proposed instruction.

■ In order to find out whether this error was harmless, we need only ask whether the absence of the instruction "'in no way affected the final outcome of the case'". *State v. Rotunno,* 95 Wn.2d 931, 935, 631 P.2d 951 (1981). Because this case basically involved defendant's word against Julie's, in a trial conducted almost 3 years after the alleged event, the testimony of the polygraph examiner was especially significant. The State in final argument to the jury, pointedly argued that defendant had failed the polygraph test and that he was not telling the truth. We cannot, therefore, say that within reasonable probabilities the jury's deliberations and verdict would have remained the same if it had had before it the proposed instruction.

Although our resolution of the polygraph instruction issue is dispositive of this appeal, we deem it advisable to review other claimed errors which may arise on a retrial of this case.

■ We turn to defendant's claim that the photographic display was impermissibly suggestive. We agree that the unfortunate display of defendant's photograph was suggestive. However, where the procedure is suggestive, the corrupting effect must be weighed against other factors probative of the reliability of the witness' identification.

*Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977); *State v. Burrell,* 28 Wn. App. 606, 625 P.2d 726 (1981). Even if the photographic identification procedure was questionable, the in–court identification is proper if it has an independent origin. *State v. Hilliard,* 89 Wn.2d 430, 573 P.2d 22 (1977). *See also United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967).

Julie had met defendant approximately 10 days to 2 weeks prior to the crime when they had helped other individuals round up some loose horses. Although she had not been formally introduced to defendant prior to April 29, she knew him as Bill. Moreover, there is simply no dispute that defendant spent approximately 4 to 6 hours in the apartment with Julie that night. Other witnesses, as well as defendant, admitted to such fact. In light of this, we agree with the trial court's determination that Julie's identification would be based on an origin of facts totally independent from the suggestive photographic display.

We next consider the State's mentioning of defendant's parole violation in closing argument. Reference to defendant's criminal record may be made during closing argument if the purpose is to show an effect on credibility, and evidence of the criminal record is properly before the jury. *State v. Knapp,* 14 Wn. App. 101, 540 P.2d 898 (1975). Thus, notwithstanding the order granting defendant's motion in limine, once defendant admitted his parole violation, such evidence was properly before the jury. The State could thereafter inquire into it during cross, *State v. Renfro, supra,* and refer to it in closing. The context shows that the State only used this evidence to attack defendant's credibility.

Any claimed error concerning Julie C.'s recital of what Ralph Anderson said to her upon leaving the apartment was cured when Anderson repeated the statement in response to questions by defense counsel. We believe, however, that Julie C.'s statement comes perilously close to a hearsay statement; at retrial, the curative effects of Anderson's testimony may or may not be available.

We need not discuss the claimed lack of authentication of Julie's earlier photograph because on a retrial the State can take the necessary steps to avoid any such deficiency.

Judgment is reversed and remanded for a new trial.

REED, C.J., and WORSWICK, J., concur.

Reconsideration denied January 21, 1983.

Review denied by Supreme Court May 10, 1983.