427 So.2d 192 (1983)
Mark CARRON, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 62156.
Supreme Court of Florida.
February 10, 1983.
*193 Jerry Hill, Public Defender and Allyn Giambalvo, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for petitioners.
Jim Smith, Atty. Gen. and Michael A. Palecki, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
The Second District Court of Appeal, after affirming a conviction of kidnapping, has certified two questions to us.[1]
1. IN ORDER TO CONVICT OF KIDNAPPING WITH INTENT TO COMMIT OR FACILITATE COMMISSION OF ANY FELONY, TO WHAT EXTENT, IF ANY, MUST THERE BE CONFINEMENT OR MOVEMENT WHICH IS NOT INHERENT IN THE NATURE OF THE OTHER FELONY?
2. SHOULD THE JURY BE INSTRUCTED CONCERNING THE REQUISITE CONFINEMENT OR MOVEMENT?
The first question was presented to us in Faison v. State, 426 So.2d 963 (Fla. 1983), where we adopted the position expressed by the Fifth District Court of Appeal in Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). In answer to the first question, therefore, we hold that in order for a person to be convicted of kidnapping with intent to commit or facilitate the commission of another felony[2] the offending movement or confinement must not be slight, inconsequential, and merely incidental to the other felony; must not be of the kind inherent in the nature of the other crime; and must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Having adopted the three-pronged test we address the second question concerning the proper jury instructions under a charge of violating section 787.01(1)(a)2, Florida Statutes (1979). In the case under review the district court was convinced it should do more than simply read the statute to the members of the jury in order to properly instruct them on the law. It held that where the state charges kidnapping with intent to commit or facilitate the commission of a felony the court should give the jury an instruction containing the essential *194 ingredients which we have adopted in this opinion. We agree that, should such an instruction be requested by the defendant, it should be given. Absent a timely request for a proper instruction, its omission is not reversible error. In this case, the requested instruction was improper, and there was no error in refusing it.
The decision and opinion of the district court in this cause is approved.
It is so ordered.
BOYD, OVERTON and EHRLICH, JJ., concur.
ADKINS, Acting C.J., concurs in result only.
NOTES
[1] Carron v. State, 414 So.2d 288, 292 (Fla. 2d DCA 1982). We have jurisdiction pursuant to art. V, § 3(b)(4), Fla. Const.
[2] § 787.01(1)(a)2, Fla. Stat. (1979).