458 So.2d 407 (1984)
Calvin HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1580.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
*408 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach for appellant.
Jim Smith, Atty. Gen., Tallahassee and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach for appellee.
GLICKSTEIN, Judge.
This is an appeal from a judgment of guilt as to sexual battery with slight force, robbery with a deadly weapon, armed burglary of a structure and aggravated battery and the sentences resulting therefrom. We reverse and remand for new trial because the state failed to prove by clear and convincing evidence that the victim's in-court identification was based on her observation of appellant at the scene of the crime and not dependent on the unnecessarily suggestive pretrial procedures that were used in this case. See United States ex rel. Moore v. People of Illinois, 577 F.2d 411 (7th Cir.1978), cert. denied, 440 U.S. 919, 99 S.Ct. 1242, 59 L.Ed.2d 471 (1979); Simons v. State, 389 So.2d 262 (Fla. 1st DCA 1980); and State v. Sepulvado, 362 So.2d 324 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).
We find no other error in the trial court, but mention the stipulation for the use of the polygraph examination for two reasons. First, we remind counsel that by stipulating to its use, the defendant waives the underlying objection to reliability, thus mooting reliability as an issue. See DeLap v. State, 440 So.2d 1242, 1247 (Fla. 1983). Second, we suggest that stipulations such as used here  namely, if an accused passes the examination, he takes a walk, and if he fails, he responds to the charges  should spell out in detail to what the parties have agreed: that the issue of reliability has been waived by its execution; and that the stipulation and result will be received into evidence if unfavorable to the accused. With such recitations, together with execution by the accused and counsel, the trial can proceed without subjecting the jury to a debate on the pro and con of polygraph examinations. More important, the written word will eliminate uncertainty in the accused's mind as to the stakes and the ramifications if he fails.
LETTS and HERSEY, JJ., concur.