OPINION ON REHEARING EN BANC
DOWNEY, Judge.
The state has moved to rehear this case en banc contending that our decision filed December 12,1984, is in direct conflict with this court’s decision in Taylor v. State, 350 So.2d 13 (Fla. 4th DCA 1977), and also with the case of Carron v. State, 414 So.2d 288 *954 (Fla. 2d DCA 1982), aff'd, 427 So.2d 192 (Fla.1983).
Capsulated, the facts are that appellant, Davis, the manager of a restaurant, was charged with failing on numerous occasions to deposit the restaurant’s daily receipts into the owner’s bank account. The parties orally agreed that Davis should submit to a polygraph examination, the results of which would be admissible in evidence. Davis failed the test. The polygraph operator testified as an expert at trial that Davis had attempted deception as to certain key questions. Davis objected to the operator’s testimony regarding the workings of the polygraph on the grounds that the parties had stipulated to the admissibility of the results only. The objection was overruled and the operator was allowed to describe to the jury the function, purpose and operation of the machine and the procedure used in polygraph examinations.
Davis requested an instruction on the reliability of polygraph results, which the court denied. Instead, the court gave the standard jury instruction on expert witnesses. Defense counsel argued at length during closing argument regarding the unreliability of polygraph results. Nevertheless, the jury convicted Davis and he has perfected this appeal, contending, among other things, that the trial court erred in denying his requested jury instruction on polygraph evidence.
In our prior opinion we held that it was not error to refuse Davis’ requested instruction because it was argumentative, misleading, and far too negative. However, the majority of the panel felt that, since Davis had specially requested an instruction on the weight to be given to such evidence and, since the subject was of such singular importance in a case of this nature, the court should have given a proper instruction on the subject. It was felt that the standard instruction on expert witnesses was insufficient to cover the subject. Thus, the judgment and sentence were reversed with one judge dissenting. The thrust of the dissent is that, having stipulated to the admissibility of the polygraph results, the parties waived any objection to the scientific reliability thereof. We understand the word “objection,” used in this context, to mean the parties waived any evidentiary objection concerning the reliability of the results. The dissent relied upon Delap v. State, 440 So.2d 1242 (Fla.1983), and Howard v. State, 458 So.2d 407 (Fla. 4th DCA 1984). On rehearing, however, the state does not endorse the argument set forth in the dissent to our prior opinion in Davis, but restricts its argument for rehearing to the contention that requiring the trial court to give a proper instruction where appellant’s requested instruction is not adequate or proper conflicts with Taylor and Carrón.
In Howard, this court cited the opinion of the Florida Supreme Court in Delap, for the statement that, by stipulating to the use of a polygraph examination, the defendant waives the underlying objection to reliability, thus mooting reliability as an issue. Howard, 458 So.2d at 408. We believe that statement is overly broad and that it would be more accurate to say that the stipulation waives any evidentiary objection based upon scientific unreliability which would preclude admissibility but it does not preclude counsel from adducing evidence of scientific unreliability and commenting thereon during argument. The pertinent statement in Delap is:
The use of a polygraph examination as evidence is premised on the waiver by both parties of evidentiary objections as to lack of scientific reliability. The evidence fails to show that the polygraph examination has gained such reliability and scientific recognition in Florida as to warrant its admissibility. The Florida rule of inadmissibility reflects state judgment that polygraph evidence is too unreliable or too capable of misinterpretation to be admitted at trial. However, the court does recognize that the parties may waive their evidentiary objection. [Emphasis supplied.]
440 So.2d at 1247.
It should be noted that the above language of the supreme court refers to waiving evidentiary objections based upon reli *955 ability; i.e., a party’s right to preclude admission of such evidence for consideration by the jury, not a party’s right to comment on the weight to be given such admitted evidence. Accordingly, to the extent that Howard suggests that a stipulation to the admissibility of a polygraph examination precludes any further comment at trial on its reliability, we recede therefrom.
Regarding the effect of stipulating to the admissibility of polygraph examinations and other evidence relative to their function, purpose and reliability, we suggest the controversy can be minimized by the preparation of a studied, carefully drawn, written stipulation, so that there will be no doubt as to the agreement of the participants therein. We cautioned the bar along these lines in Howard v. State, 458 So.2d 407 (Fla. 4th DCA 1984). We would now add that, if appropriate, the stipulation might also include the specific instruction that the parties expect the trial judge to give, which would obviate the appellate issue involved here.
The stipulation here was oral and the parties do not agree as to its extent. Davis contended at trial he had simply agreed the results would be admissible without more, while the prosecutor stated he intended the parties would also be able to explore the “entire theory of polygraph.” In closing argument, both sides discussed the polygraph results and the operator’s testimony regarding the manner of producing those results. Counsel for Davis, of course, argued at length about the unreliability of the procedure.
In State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962), and State v. Griggs, 33 Wash.App. 496, 656 P.2d 529 (1982), the parties stipulated to the admissibility of polygraph results in states where such evidence was not ordinarily admissible. The Valdez court held that, when stipulated to, such evidence is admissible to corroborate other evidence of defendant’s participation in the crime charged and it may also be used to corroborate or impeach the defendant’s testimony if he takes the witness stand. The court specifically noted, however, if such evidence is admitted, the trial court should instruct the jury that the examiner’s testimony does not tend to prove or disprove any element of the crime charged, but at most tends only to indicate that at the time of the examination the defendant was not telling the truth. Furthermore, the jury should also be instructed that the weight and effect of such evidence is for the jury to determine. This same rule was followed in the Griggs decision.
Polygraph results are inadmissible in Florida because of their inherent unreliability; or put another way, because their reliability has not been scientifically demonstrated to a degree of certainty with which the courts are comfortable. Therefore, we believe that, when admitted by stipulation of the parties, the jury should be apprised of the strengths and weaknesses of such evidence, what the results are calculated to determine, and that it is for them to determine what weight and effect should be attributed to such evidence. There are other situations in which the jury is cautioned about the weight to be given to suspect or questionable evidence, such as circumstantial evidence, confessions, and testimony of expert witnesses. In view of the “mythical aura”[1] attributed to polygraph examinations, we believe an instruction should be given on the subject if a proper instruction is requested by either party. We would analogize this case to Carron v. State, 414 So.2d 288 (Fla. 2d DCA 1982), aff'd, 427 So.2d 192 (Fla.1983), wherein the Second District held for the first time that, in an instruction on kidnapping with intent to commit or facilitate the commission of a felony, it is not sufficient to simply read the statute to the jury. The court should go further and give an instruction containing the essential ingredients of the crime which case law has imposed.[2] However, because the defendant’s requested instruction on the subject was not legally correct, that court refused to *956 hold the trial court committed reversible error. The district court stated:
We are reluctant to endorse a principle that where a party requests a legally erroneous instruction on subject matter which the appellate courts have not previously suggested as appropriate for a jury instruction, the court must not only perceive the need for the instruction but also straighten it out so as to present a correct legal principle.
414 So.2d at 291.
The Supreme Court of Florida affirmed the decision requiring the trial court to instruct on the essential ingredients of the crime. Furthermore, the court added:
We agree that, should such an instruction be requested by the defendant, it should be given. Absent a timely request for a proper instruction, its omission is not reversible error. In this case, the requested instruction was improper, and there was no error in refusing it.
427 So.2d at 194.
In our earlier opinion in this case we held that, even though the requested instruction was not acceptable because it was too argumentative, negative, and misleading as presented by appellant, it was error not to give a proper instruction. On petition for rehearing, the state calls our attention to the apparent conflict between our decision to reverse even though a proper instruction was not requested and the decisions in Taylor and Carrón. We are unable to distinguish Taylor, and acknowledge the controlling features in the supreme court’s decision in Carrón.
In the Carrón district court decision, we find an appellate court holding for the first time that a certain instruction should be given but the instruction presented by counsel was not adequate and, thus, the trial court should not be found in error for refusing to give it or for failing to prepare a proper charge on this subject. Our situation here is identical. We are holding for the first time that, when polygraph evidence is admitted, the jury should be instructed on the subject. However, the instruction requested was not proper and thus, following precedent, the trial court should not be found to have committed reversible error in refusing to give such an instruction.
In summation, we conclude that, when polygraph evidence is admitted by stipulation, and a party requests a proper instruction on the subject, it should be given. If an improper instruction is requested, the trial court is not required to fashion one. Carron v. State, 414 So.2d 288 (Fla. 2d DCA 1982), aff'd, 427 So.2d 192 (Fla.1983).
Accordingly, our opinion filed December 12, 1984, is vacated and the judgment appealed from is affirmed.
Concluding that this case involves a matter of great public importance, we certify the following question to the Supreme Court of Florida:
WHEN POLYGRAPH EVIDENCE IS ADMITTED BY STIPULATION, AND A PARTY REQUESTS A PROPER INSTRUCTION ON THE SCIENTIFIC UNRELIABILITY OF POLYGRAPH RESULTS, IS IT REVERSIBLE ERROR FOR THE TRIAL COURT TO FAIL TO SO INSTRUCT THE JURY?
HERSEY, C.J., and ANSTEAD, DELL, WALDEN and GUNTHER, JJ„ concur.
STONE, J., concurs specially with opinion.
GLICKSTEIN, J., dissents with opinion.
LETTS, J., dissents without opinion.

. Farmer v. City of Ft. Lauderdale, 427 So.2d 187, 191 (Fla.1983).

. See Carron v. State, 414 So.2d 288 (Fla. 2d DCA 1982), for said additional ingredients.