520 So.2d 572 (1988)
Charles Seaton DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 69677.
Supreme Court of Florida.
February 25, 1988.
Richard L. Jorandby, Public Defender and Thomas F. Ball III, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for respondent.
KOGAN, Justice.
The Fourth District Court of Appeal has certified the following question as being one of great public importance:
WHEN POLYGRAPH EVIDENCE IS ADMITTED BY STIPULATION, AND A PARTY REQUESTS A PROPER INSTRUCTION ON THE SCIENTIFIC UNRELIABILITY OF POLYGRAPH RESULTS, IS IT REVERSIBLE ERROR FOR THE TRIAL COURT TO FAIL TO SO INSTRUCT THE JURY?
Davis v. State, 516 So.2d 953, 956 (Fla. 4th DCA 1986). This Court has jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and approve the result reached by the district court.
Charles Davis, a restaurant manager, was charged with grand theft after repeatedly failing to deposit the daily receipts into the restaurant owner's bank account. Prior to trial, the prosecutor and defense counsel orally stipulated to the admissibility of the results of a polygraph examination taken by Davis. During trial, the polygraph operator testified as an expert and concluded that Davis had "attempted deception" while responding to certain questions. Id. at 954. Defense counsel objected to the prosecutor's questions directed toward explaining the theory and workings of the polygraph on the grounds that the parties had agreed to the admissibility of the results only. Id. The objection was overruled and the examiner was permitted *573 to testify as to his qualifications, the theory of the polygraph, Davis' actual examination, the reliability of the polygraph in general and in comparison with other forensic sciences, and the calibration and maintenance of the machine. The examiner was also permitted to exhibit the polygram. Defense counsel cross examined the polygraph operator and elicited certain negative statements concerning the reliability of the polygraph, including the operator's concurrence with the proposition that polygraph results are considered unreliable to the extent that they are not normally admissible without both parties stipulating to their admission.
At the close of the evidence, Davis' counsel requested a three paragraph jury instruction detailing the unreliability of polygraph test results. The trial court refused to give the requested instruction, finding that to do so would be to comment on the evidence. Instead, the judge gave the standard jury instruction on expert witnesses, Florida Standard Jury Instructions in Criminal Cases § 2.04(a).[*] During closing argument, defense counsel discussed the unreliability of polygraph results. Nevertheless, the jury convicted Davis of grand theft.
The District Court of Appeal, Fourth District, reversed the trial court decision and held that although defense counsel's requested instruction was "argumentative, misleading, and far too negative," the judge should have given a proper instruction on the manner in which the jury should consider and treat the polygraph evidence. Davis v. State, 9 F.L.W. 2589 (4th DCA Dec. 12, 1984). On rehearing, en banc, the fourth district vacated its prior opinion and affirmed the trial court decision. Davis v. State, 516 So.2d 953 (Fla. 4th DCA 1986). The district court acknowledged that its prior opinion conflicted with its decision in Taylor v. State, 350 So.2d 13 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla. 1978), and with our decision in Carron v. State, 427 So.2d 192 (Fla. 1983), which held that where a requested instruction is improper, a court does not commit reversible error in refusing it. Relying on Carron, the en banc court concluded: "[W]hen polygraph evidence is admitted by stipulation, and a party requested proper instruction on the subject, it should be given. If an improper instruction is requested, the trial court is not required to fashion one." 516 So.2d at 956.
Petitioner contends the stipulation involved here only allowed admission of the "pass or fail" results of the polygraph test, and not the opinion testimony of the polygraph operator. He further contends that the expert opinion instruction did not give sufficient direction to the jury as to the reliability of, and weight to be given, polygraph results.
We first address the admissibility of the examiner's testimony regarding his qualifications, the theory of the polygraph, his interpretation of the polygram, the reliability of polygraph testing, the "scientific" process used in this case, and the proper calibration and maintenance of the machine. We reject petitioner's argument that the state's attempt to "bolster" the reliability of the polygraph results through the testimony of the polygraph expert was improper given our finding that polygraph tests are inherently unreliable.
The courts of this state have repeatedly held that the factors contributing to the results of a polygraph test  the skill of the operator, the emotional state of the person tested, the fallibility of the machine, and the lack of a specific quantitative relationship between physiological and emotional states  are such that the polygraph cannot be recognized as a sufficiently reliable or valid instrument to warrant its use in judicial *574 proceedings unless both sides agree to its use. Farmer v. City of Fort Lauderdale, 427 So.2d 187, 190-191 (Fla.), cert. denied, 464 U.S. 816, 104 S.Ct. 74, 78 L.Ed.2d 86 (1983). Furthermore, we have held that polygraph evidence may be admitted upon the oral or written stipulation of the parties. Codie v. State, 313 So.2d 754 (Fla. 1975).
In Delap v. State, 440 So.2d 1242 (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984), we stated:
The use of a polygraph examination as evidence is premised on the waiver by both parties of evidentiary objections as to lack of scientific reliability. The evidence fails to show that the polygraph examination has gained such reliability and scientific recognition in Florida as to warrant its admissibility. The Florida rule of inadmissibility reflects state judgment that polygraph evidence is too unreliable or too capable of misinterpretation to be admitted at trial. However, the court does recognize that the parties may waive their evidentiary objection.
440 So.2d at 1247. We agree with the en banc court's interpretation of the above statement that, absent stipulated terms to the contrary, a party waiving evidentiary objections based on reliability waives the right to preclude admission of polygraph evidence for consideration by the jury, but retains the right to comment on such admitted evidence. 516 So.2d at 954-95. Furthermore, when polygraph tests are used pursuant to the stipulation of both parties, it is generally assumed that the testimony of the examiner is to be included with the admission of the polygram. People v. Zazzetta, 27 Ill.2d 302, 189 N.E.2d 260 (1963). Such a conclusion is warranted, we think, since the examiner is most able to attest to those factors which contribute to a valid interpretation of the polygram.
Polygraph recordings must be interpreted. Only a person skilled in this art and science is qualified to interpret the results and that interpretation is stated in the form of an opinion.
United States v. Ridling, 350 F. Supp. 90, 93 (E.D.Mich. 1972).
Since polygraph results necessarily include the examiner's interpretation of the test data, it follows that the court must instruct the jury as to the weight to be given that opinion testimony. We find Florida's standard jury instruction on expert witnesses to be a sufficient explanation of the weight to be given to the testimony of a polygraph expert. Florida Standard Jury Instructions in Criminal Cases § 2.04(a). We note particularly that the last sentence of the standard instruction  "[l]ike other witnesses, you may believe or disbelieve all or any part of an expert's testimony"  sufficiently advises the jury that the admitted polygraph evidence "is not conclusive, but is only one other piece of evidence entitled to whatever weight it is assigned by the factfinder." Farmer, 427 So.2d at 190.
Finally, in order to avoid future uncertainty regarding the specific terms of polygraph stipulations, we announce the rule that hence forth such stipulations must be set out in writing and signed by the parties. Accordingly, we approve the en banc opinion of the district court, with the exception that the trial judge is not required to give any instruction concerning the polygraph examination other than Florida Standard Jury Instruction in Criminal Cases 2.04(a).
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
EHRLICH, J., concurs with an opinion, in which BARKETT, J., concurs.
EHRLICH, Justice, concurring.
While I concur with the majority, I am of the view that it would be helpful to the jury to be given the following instruction from State v. Griggs, 33 Wash. App. 496, 499, 656 P.2d 529, 531 (1982) in addition to Standard Jury Instruction 2.04(a) EXPERT WITNESSES:

*575 By agreement of the parties, the court has admitted the testimony of the polygraph examination of the defendant. You are instructed that the polygraph examiner's testimony does not tend to prove or disprove any elements of the crime with which the defendant has been charged, but at most tends only to indicate whether or not at the time of the examination the defendant was telling the truth. It is for you, the jury, to determine the corroborative weight and effect such testimony should be given.
BARKETT, J., concurs.
NOTES
[*] That instruction reads:

2.04(a) EXPERT WITNESSES
Expert witnesses are like other witnesses, with one exception  the law permits an expert witness to give his opinion.
However, an expert's opinion is only reliable when given on a subject about which you believe him to be an expert.
Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.
Florida Standard Jury Instructions in Criminal Cases § 2.04(a).