FLETCHER, Judge.
The state seeks certiorari review of two trial court orders setting a Frye[1] evi-dentiary hearing to assist the trial court in determining the admissibility into evidence of polygraph (“lie detector”) test results. We quash the two trial court orders.
In Davis v. State, 520 So.2d 572, 573-74 (Fla.1988) the supreme court stated:
“The courts of this state have repeatedly held that the factors contributing to the results of a polygraph test — the skill of the operator, the emotional state of the person tested, the fallibility of the machine, and the lack of a specific quanti-tive relationship between physiological and emotional states — are such that the polygraph cannot be recognized as a sufficiently reliable or valid instrument to warrant its use in judicial proceedings unless both sides agree to its use.”
The Fourth District Court of Appeal was presented in State v. Santiago, 679 So.2d 861 (Fla. 4th DCA 1996) with a trial court ruling that polygraph results favorable to the defendant would be admitted into evidence at trial. The Fourth District Court stated, at 862:
“We grant the state’s petition for certio-rari because our supreme court has held that polygraph tests are inadmissible as a matter of law.”
Although the Fourth District Court certified the question,[2] the defendant did not attempt to carry the case any further.
Similarly to the Fourth District Court, we grant the state’s petition for certiorari and quash the orders entered below. We also certify the following question:
ARE THE RESULTS OF POLYGRAPH TESTS INADMISSIBLE IN EVIDENCE AS A MATTER OF LAW OR ARE POLYGRAPH TESTS SUBJECT TO THE FRYE TEST?

. Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).

. The question certified was: “Are the results of polygraph tests inadmissible in evidence as a matter of law?”